IDAHO ASPHALT SUPPLY, an Idaho
Corporation, MONTANA REFINING
COMPANY, a Montana Corporation, and
RIVERSIDE CONTRACTING, INC., a Montana
Corporation,
Plaintiffs and Respondents,

v.

STATE OF MONTANA, DEPARTMENT OF
TRANSPORTATION, an Agency of the State of
Montana,
Defendant and Appellant.

No. 98-451.
Ordered December 17, 1998.
1998 MT 312.
55 St.Rep. 1287.
292 Mont. 162.
974 P.2d 1117.

## OPINION AND ORDER

¶1    On December 7, 1998, Respondents/Cross- Appellants above named (collectively referred to as Respondents) filed their opening brief on appeal. This brief responds to Appellant's opening brief and also argues Respondents' cross-appeal. Respondents' certificate of compliance states that their response brief contains 13,307 words and that their cross-appeal brief contains 6,856 words. On December 10, 1998, we returned this brief to counsel for Respondents indicating that their brief violated the length requirements specified in Rule 27(d)(i), M.R.App.P. Respondents have now filed a motion for order allowing them to file an over-length brief along with a supporting memorandum arguing, in the alternative, that their brief complies with Rule 27(d)(i), but if not, that they should be allowed to file their 90 page brief with its existing word count of 20,163 words.

¶2    In their motion and memorandum, Respondents argue that under Rules 23(h) and 27(d)(i), M.R.App.P., they are entitled to file a response brief of a length not to exceed 14,000 words and a cross-appeal brief not to exceed 14,000 words. Respondents contend that neither rule limits them to one combined brief of 14,000 words. We disagree.

¶3    Under Rule 23, M.R.App.P., there are designated three types of briefs—the brief of appellant (Rule 23(a)), the answer brief of respondent (Rule 23 (b)) and the reply brief (Rule 23(c)). Rule 23(g), M.R.App.P., provides that "[e]xcept by permission of the court, briefs

may not exceed the limits specified in Rule 27(d)." Rule 27(d)(i), M.R.App.P., provides that principal briefs (the brief of appellant and the answer brief of respondent) may not exceed 14,000 words, while the reply brief may not exceed 7,000 words.

¶4    Briefs in cases involving cross-appeals are covered under Rule 23(h), M.R.App.P. In pertinent part, this rule provides that:

> The brief of the respondent shall conform to the requirements of subdivision (a)(1) - (6) of this rule with respect to the respondent's cross appeal *as well as* respond to the brief of the appellant except that a statement of the case need not be made unless the respondent is dissatisfied with the statement of the appellant. [Emphasis added.]

¶5    We interpret Rules 23 and 27 together and conclude that the respondent is entitled to file one principal brief—a response brief. If the respondent chooses to file a cross-appeal, this brief must then respond to the brief of the appellant "as well as" brief the cross-appeal. Since one principal brief is authorized for the respondent—albeit that this brief serves two functions —this brief is limited to 14,000 words under Rule 27(d)(i), M.R.App.P.

¶6    While we tend toward liberally granting motions to exceed the word limits of briefs where good cause is shown and where the complexity or importance of the case necessarily demands extended briefing, we, nonetheless, remind counsel that the time and resources of this Court are already limited and are becoming more so with each year's increase in numbers of new filings. In the case at bar, Respondents' brief exceeds the word limitations of Rule 27(d)(i) by in excess of 6,000 words. There is nothing particularly unusual or complex about the legal issues raised in the appeal or in the cross-appeal. Accordingly, we are presented with no compelling reason why Respondents cannot fully respond to the Appellant's brief and fully argue their cross-appeal within the 14,000 word limitation of Rule 27(d)(i).

¶7    IT IS ORDERED that Respondents' motion to file an over length brief is DENIED.

¶8    IT IS FURTHER ORDERED that Respondents' shall have 30 days in which to revise their brief to comply with this order. Appellant's times for further briefing are extended accordingly.

¶9    IT IS FURTHER ORDERED that the Clerk of this Court give notice of this order by mail to counsel of record.

Dated this 17th day of December 1998.

CHIEF JUSTICE TURNAGE, JUSTICES NELSON, HUNT, REGNIER, LEAPHART and TRIEWEILER